# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1391 | **DATE** | 03/24/2004 |
| **CASE TITLE** | United States ex. rel. Keating v. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

---

Petition for a Writ of *Habeas Corpus*

---

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] . Enter Memorandum Opinion and Order. For the attached reasons, Keating's petition for a writ of *habeas corpus* is DENIED and the case is dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

---

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | **MAR 2 5 2004** date docketed | |
| ✓ | Docketing to mail notices. | | | V8 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| JHC | courtroom deputy's initials | 2004 MAR 24 PM 6:3 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL.*, | ) | |
| TOMAS S. KEATING, N42650, | ) | |
| | ) | |
| Petitioner, | ) | No. 01 C 1391 |
| | ) | |
| v. | ) | The Honorable William J. Hibbler |
| | ) | |
| JERRY STERNES, | ) | |
| | ) | |
| Respondent. | ) | |

DOCKETED
MAR 2 5 2004

## MEMORANDUM OPINION AND ORDER

Tomas Keating was convicted in 1999 of possession of child pornography and possession of child pornography with the intent to disseminate and sentenced to a term of imprisonment of 15 years. Keating filed a petition for writ of *habeas corpus*, 28 U.S.C. §2254, raising a host of claims for relief. Because Keating has procedurally defaulted all of his claims, his petition must be denied.

### I. Procedural Background

The evidence against Keating consisted mostly of pornographic images of young children that police found stored on his computer and testimony from the police regarding those images and the search procedure. Before trial, Keating moved to suppress the evidence, claiming that he had not given consent for the police to search his computer and that their search violated his Fourth Amendment Rights. The trial court rejected Keating's arguments and allowed the state to use the evidence. Following his conviction, Keating appealed to the Illinois Appellate Court, raising two arguments: (1) that the trial court erred in refusing to suppress evidence of the images found on his computer; and (2) that he was not proven guilty beyond a reasonable doubt. The Illinois Appellate Court rejected Keating's arguments and affirmed his conviction. Keating never sought leave to

1



appeal the Illinois Appellate Court's decision to the Illinois Supreme Court. Instead, four months later in August 2000, he filed a state post-court conviction petition, this time raising eight issues: (1) that trial counsel was ineffective; (2) that the trial judge was prejudiced against him; (3) that the trial judge was "misinformed" about his status as a registered sex offender; (4) that the trial judge was "computer illiterate"; (5) the trial judge made mistakes that an ordinary judge would not have made; (6) the state used perjured testimony; (7) the state withheld exculpatory evidence; and (8) the state fabricated evidence against him. On October 12, 2000, the state trial court ruled that Keating's post-conviction petition to was "frivolous and patently without merit" and ordered the Clerk of the Court to serve upon Keating a notice of the order dismissing his petition within ten days. Keating never appealed the state trial court's order dismissing his post-conviction petition. He alleges that he did not receive the order dismissing the petition until after the deadline for appeals had passed. A letter from the trial court judge dated December 7, 2000 apparently shows that Keating inquired about the status of his petition. The letter reads "[e]nclosed please find a copy of the order entered on October 12, 2000 dismissing your post conviction petition. You should have received a copy of this order from the Clerk of the Court by certified mail within 10 days after October 12, 2000. At this time there is nothing pending before this court regarding your cases (98CF220 & 98CF240)."

On February 26, 2001, Keating filed this petition for writ of *habeas corpus*, under 28 U.S.C. § 2254. Keating raised four potential grounds for relief: (1) his Fourth Amendment rights were violated when the police illegally searched his home computer; (2) he received ineffective assistance of counsel; (3) the state relied on perjured testimony; and (4) the trial judge was incompetent. This Court granted Keating leave to supplement his petition, and he added two additional claims for relief: (5) the police trespassed in his mother's home when they entered without consent and later refused to leave; (6) he was unlawfully detained and restrained at a hospital while the police searched

2

his computer.[1] In January 2003, Keating attempted to add three additional claims, but never sought leave from the Court to do so. The Court denies Keating leave to amend his petition a second time and these claims will not be considered.

## II. Procedural Default

Before proceeding to the merits of Keating's claims, the Court must first determine whether he has procedurally defaulted any of his claims. In order to raise a constitutional challenge to a state court conviction and sentence in a federal *habeas corpus* proceeding, the petitioner must have fully and adequately presented the challenge to the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). A *habeas* petitioner's failure to pursue a discretionary appeal to the state's highest court, in this case the Illinois Supreme Court, constitutes procedural default barring federal *habeas corpus* review. *Id.* at 845; *Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (petitioner must pursue state post-conviction petition to State Supreme Court to preserve those claims). In other words, a *habeas corpus* petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845.

Keating never pursued any of his claims before the Illinois Supreme Court. Keating did appeal two claims to the Illinois Appellate Court, but after losing this appeal he never petitioned for leave to appeal to the Illinois Supreme Court. Keating also pressed many of his claims in a state

---

[1] In conducting *habeas corpus* review, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States and cannot consider errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.1996). Many of Keating's claims are arguably not cognizable, but the Court need not examine their cognizability because each of Keating's claims are procedurally defaulted.

post-conviction petition. But after the state trial court dismissed this petition, he took no further action. Because Keating never filed any petition for leave to appeal to the Illinois Supreme Court, much less one that pressed all of the claims he presents here, his claims are procedurally defaulted.

A petitioner, however, can cure his procedural default by showing good cause for the default and actual prejudice resulting from the errors of which he claims or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thomson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *United States v. Frady*, 456 U.S. 152, 168, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). In order to show "good cause" for a procedural default, the petitioner must show that an "external objective impediment" prevented him from succeeding with his claim or appeals. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

Keating argues that he has good cause for his failure to pursue both his direct appeal and his state post-conviction petition to the Illinois Supreme Court. First, Keating suggests that his privately-retained attorney failed to provide him with complete transcripts and so he was unable to take his direct appeal to the Illinois Supreme Court. Second, Keating argues that he could not have appealed his post-conviction petition because the state trial court judge did not send him the ruling dismissing the petition until the time to appeal had lapsed. Neither of these reasons is sufficient to demonstrate good cause.

In order to establish good cause, Keating must point to an objective, external impediment that prevented him from raising the procedurally defaulted claims before the state court. It is true that inmates are entitled to "'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *See Lewis v. Casey*, 116 S.Ct. 2174, 2180 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). But Keating argues only that *his* private

4

attorney, and not any state actor, allegedly failed to supply him with transcripts necessary for his appeal. Keating could have sought the missing transcripts from the State itself and he offers no evidence that he ever attempted to obtain transcripts of his trial or that the State of Illinois in any way impeded his ability to appeal. Even if Keating were to argue that his counsel was ineffective in failing to supply him with the transcripts (which he does not), a petitioner cannot rely on his counsel's ineffectiveness as cause to excuse procedural default where he failed to raise that ineffectiveness in post-conviction proceedings. *Britz v. Cowan*, 192 F.3d 1101, 1103 (7th Cir. 1999). Keating did not include his counsel's failure to supply him with transcripts in his state court post-conviction proceedings, and so that alleged failure cannot serve as good cause excusing his procedural default. Finally, Keating could have used both his brief before the state appellate court and the appellate court's opinion to file a petition for leave to appeal before the Supreme Court and he makes no argument why the allegedly missing transcripts were essential to his appeal. Keating made no effort whatsoever to file a petition for leave to appeal to the Illinois Supreme Court. The alleged failure of his attorney to supply him with transcripts of his trial cannot excuse his failure to appeal his claims to the Illinois Supreme Court.

Keating also argues that he has cause to excuse his failure to appeal his post-conviction petition to the Illinois Supreme Court. But his argument that the trial judge withheld the ruling on his petition until after the time to appeal had passed fails to establish cause. First, the order dismissing his post-conviction petition explicitly directs the clerk of the court to send Keating a copy of the opinion. In addition, the state trial judge, in his December 7 letter to Keating, reaffirms his belief that the clerk of the court sent Keating a copy of the opinion. Keating offers no evidence to support his claim that the state trial judge deliberately withheld the opinion. Moreover, even if Keating did not receive the opinion until after the deadline for appealing had passed, Keating could

5

have filed a late appeal and argued to the state court that he had not timely received the state trial court's order dismissing his petition. *See, e.g., Crank v. Duckworth*, 969 F.2d 363, 365 (7th Cir. 1992) (petitioner's failure to file belated motion to correct errors with state court precluded any showing of good cause); *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990) (defendant "has an obligation to take a minimal interest in his defense."). He did not. Instead Keating failed to pursue the dismissal of his state post-conviction entirely, never giving the state the opportunity to decide whether to allow him to proceed with an untimely appeal. His failure to take even minimal steps to pursue his post-conviction petition in the state court precludes any finding that his default should be excused for cause and prejudice.

## IV. Conclusion

Keating never appealed any of his claims to the Illinois Supreme Court. Indeed, Keating never even once sought leave to appeal to the Illinois Supreme Court. He has thus procedurally defaulted all of his claims for relief under 28 U.S.C. §2254. He has failed to offer sufficient evidence of "cause" to excuse his default and makes no effort to demonstrate a miscarriage of justice. Keating's petition for writ of *habeas corpus* is therefore DENIED.

IT IS SO ORDERED.

3/24/04
Dated

The Honorable William J. Hibbler
United States District Court